IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Myrra May, | NO. C 09-00459 JW |
| Plaintiff, | **ORDER GRANTING FDIC'S MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| Washington Mutual Brokerage Holdings, Inc., et al., | |
| Defendants. | |

Presently before the Court is the Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss Plaintiff's Second Amended Complaint.[1] The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).

**A.    Background**

A detailed outline of the factual allegations in this case can be found in the Court's October 21, 2009 Order Granting Defendant Chase's Motion to Dismiss as to Plaintiff's TILA Claim. (hereafter, "October 21 Order," Docket Item No. 44.) The Court reviews the relevant procedural history to the extent it implicates the present Motion.

On November 17, 2009, Plaintiff filed a Second Amended Complaint.[2] On March 3, 2010, the Court denied Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss. (See Docket Item

---

[1] (hereafter, "Motion," Docket Item No. 55.)

[2] (Second Amended Complaint for Violations of the Federal Truth in Lending Act, the Elder Abuse and Dependent Adult Civil Protection Act, Negligence, Violation of the Consumer Legal Remedies Act, and Unfair Competition, hereafter, "SAC," Docket Item No. 48.)

1  No. 66.) On March 15, 2010, Defendant Chase filed its Answer. (See Docket Item No. 67.) On
2  May 3, 2010, the Court granted Plaintiff's stipulation to withdraw her TILA claim against Defendant
3  FDIC. (See Docket Item No. 69.) The claims remaining against Defendant FDIC are the Second
4  Cause of Action for Elder Abuse and Dependent Adult Civil Protection Act, Third Cause of Action
5  for Negligence, Fourth Cause of Action for Violation of the Consumer Legal Remedies Act, and
6  Fifth Cause of Action for Unfair Competition.

**B.     Standards**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**C.    Discussion**

Defendant FDIC moves to dismiss all claims against it on the ground that the claims are preempted by federal law governing lending practices. (Motion at 3.) Plaintiff contends that her claims are not preempted because they only incidentally regulate lending practices and they serve vital state interests.[3]

**1.    Federal Preemption of State Laws Regulating Lending Practices**

Pursuant to the Supremacy Clause of Article VI, clause 2, of the United States Constitution, federal law preempts state law "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Bank of America v. City and County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). In the field of banking, Congress has created "an extensive federal statutory and regulatory scheme." Id. As part of this extensive federal scheme, Congress enacted HOLA during the Great Depression, a time when a record number of home loans were in default and state-chartered savings associations were insolvent. Silvas v. E*Trade Mortgage Co., 514 F.3d 1001, 1004 (9th Cir. 2008). The purpose of HOLA was to charter savings associations under federal law as a means of restoring public confidence through a nationwide system of savings and loan associations that are centrally regulated according to nationwide "best practices." Id. (citing Fidelity Fed. Saving and Loan Ass'n v. de la Cuesta, 458 U.S. 141, 160-61 (1982)).

The Ninth Circuit describes "HOLA and its following agency regulations as a radical and comprehensive response to the inadequacies of the existing state system, and so pervasive as to leave no room for state regulatory control." Silvas, 514 F.3d at 1004 (internal quotations omitted). Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations.[4] 12 U.S.C. § 1464; Silvas, 514 F.3d at 1005.

---

[3] (Plaintiff's Opposition to Defendant FDIC's Motion to Dismiss Plaintiff's Second Amended Complaint at 4-9, hereafter, "Opposition," Docket Item No. 71.)

[4] Federal regulations have no less preemptive effect than federal statutes. Fidelity Fed. Sav. and Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982).

3

Under 12 C.F.R. § 560.2(b), the OTS has listed numerous types of state laws that are preempted, including

> state laws purporting to impose requirements regarding . . . (4) The terms of credit . . . (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; . . . (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants; (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . .

The Ninth Circuit also explains that a state law of general applicability can be preempted by HOLA if, as applied, it falls under § 560.2(b). See Silvas, 514 F.3d at 1006; Munoz v. Fin. Freedom Senior Funding Corp., 567 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008). However, under 12 C.F.R. § 560.2(c), "state laws of general applicability only incidentally affecting federal savings associations are not preempted." Silvas, 514 F.3d at 1006.

The Ninth Circuit has adopted the OTS's general framework for analyzing whether HOLA preempts a state law:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

**2.   Plaintiff's Allegations Against Defendant FDIC**

With respect to her Second Cause of Action for Elder Abuse against the FDIC, Plaintiff alleges:

> As a direct result of [representations by Washington Mutual's loan officer], Plaintiff paid prepayment penalties and origination fees to Defendant Washington Mutual. In addition, Plaintiff became obligated to pay escalating payments that Defendant knew she could not afford. The services offered to Plaintiff, if any, were of no value to her, or if of any value, were of a value far less than the amount she paid. . . . In engaging in such conduct, Defendant stripped Plaintiff's equity in her home so as to extract maximum fee payments. . . . This resulted in higher monthly payments . . . .  (SAC ¶¶ 40-42.)

4

With respect to her Third Cause of Action for Negligence against the FDIC, Plaintiff alleges:

> Defendant Washington Mutual breached its duty to exercise reasonable care and skill [by] failing to, among other things, explain the terms of the refinance transactions and loan agreements, ensure that Plaintiff understood the terms of the refinance transactions and loan agreements, disclose the total and true character of the fees that would be charged to Plaintiff, submit truthful financial information in loan applications, and evaluate and confirm the accuracy of such financial information. . . . [As a result,] Plaintiff entered into refinance loans the terms of which were not adequately disclosed and which contained high and unreasonably escalating interest obligations and fees that were not adequately explained or disclosed . . . . (SAC ¶¶ 47-49.)

With respect to her Fourth Cause of Action for Violation of the Consumer Legal Remedies Act against the FDIC, Plaintiff alleges:

> Defendant Washington Mutual used deceptive representations in connection with characteristics, benefits, standards, and quality of its financial services by, among other things, (1) misrepresenting that the services were worth the value of fees Plaintiff paid when the services were of nominal or no value; (2) misrepresenting Plaintiff's ability to afford payments on the refinanced loans that Defendant knew were beyond Plaintiff's financial means; and (3) inserting unconscionable provision in the contracts, namely fees and prepayment penalties. (SAC ¶ 51.)

With respect to her Fifth Cause of Action for Unfair Competition against the FDIC, Plaintiff alleges: "The Defendant's acts and omissions as alleged above constitute unlawful, unfair, and fraudulent business practices . . . ." (SAC ¶ 55.)

Based on the allegations above, the Court finds that Plaintiff's claims fall squarely within 12 C.F.R. § 560.2(b) because they allege harm based on prepayment penalties and origination fees, failure to adequately disclose and explain the terms of the loan, failure to provide Plaintiff with a loan that she could afford, and unreasonably high interest rates and monthly payments. The Court has found unfair competition and negligence claims preempted by HOLA based on very similar allegations in other cases. (See Bernardo Reyes v. Premier Home Funding, Inc., et al., C 08-04606-JW Docket Item No. 45; Mark Murillo, et al., v. Lehman Brothers Bank FSB, et al., 09-00500-JW Docket Item No. 55.) Plaintiff's contention that the allegations rest solely on a "scheme to defraud" do not save the claims from preemption because the alleged "scheme" involves the aspects and practices in mortgage lending that are covered by 12 C.F.R. § 560.2(b). (See Opposition at 8-9.) As such, Plaintiff's claims do not merely "incidentally" affect lending practices. Thus, the Court finds that the state laws, as applied here, are preempted by HOLA and its regulations.

5

Accordingly, the Court GRANTS Defendant FDIC's Motion to Dismiss. Since this defect cannot be cured by amendment, the Court finds that leave to amend is not warranted.

**D.** **Conclusion**

The Court GRANTS Defendant FDIC's Motion to Dismiss with prejudice.

Dated: June 9, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annette D. Kirkham annettek@lawfoundation.org
Jae Il Park jae.park@finnegan.com
Kimberly Pederson kimp@lawfoundation.org
Sadhana Devi Narayan narayanlaw@narayanlaw.com
Scott J. Stilman sstilman@adorno.com
Shaobin Zhu shaobin.zhu@finnegan.com
Sung-Min Christopher Yoo cyoo@adorno.com

**Dated: June 9, 2010**                    **Richard W. Wieking, Clerk**

                              **By:     /s/ JW Chambers**
                                     **Elizabeth Garcia**
                                     **Courtroom Deputy**

United States District Court
For the Northern District of California