United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYRRA MAY, | CASE NO. 5:09-CV-00459-EJD |
| Plaintiff, | **ORDER DENYING JP MORGAN CHASE'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| WASHINGTON MUTUAL BROKERAGE HOLDINGS, INC., JP MORGAN CHASE, and THE FEDERAL DEPOSIT INSURANCE CORPORATION, | [Re: Docket Item Nos. 100, 106] |
| Defendants. | |

Defendant JP Morgan Chase ("Chase") moves for summary judgment on two grounds: first, that there is no genuine issue of fact as to whether Plaintiff received two copies of the Notice of Right to Cancel; and second, that Plaintiff's rescission claim cannot be enforced since she will be unable to repay the net proceeds of the loan. The court has considered the evidence properly submitted in support of and in opposition to the instant motion.[1] As set forth below, Chase's motion is denied.

/

/

---

[1] Even considering the evidence (Barrios Decl., May 13, 2011, ECF No. 100 Attachments 3–6) to which Plaintiff objects, the court finds summary judgment unwarranted. Therefore, no ruling is made on the objections or the motion to strike filed Sept. 23, 2011, ECF No. 106.

I. Whether Plaintiff Received the Notices Required by TILA

Chase takes the position that the Plaintiff's execution of a Notice of Right to Cancel—which contained a provision acknowledging receipt of two copies of the same Notice—means that there can be no genuine issue as to whether Plaintiff did in fact receive two copies of the Notice as required by the Truth in Lending Act (TILA). But the statute addresses this situation specifically, directing that "written acknowledgment of receipt of any disclosures required under this subchapter . . . does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). To rebut the presumption, Plaintiff testified at her deposition that she was never told about her right to cancel the transaction. Kirkham Decl. Ex. A 44:7–16, Sept. 23, 2011, ECF No. 101. Plaintiff also produced a copy of the Notice of Right to Cancel that she was given. That copy omitted required information, such as the date the rescission right was due to expire. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699 (9th Cir. 1986) (holding that a rescission notice that omitted the expiration date did not satisfy TILA). Chase does not respond to Plaintiff's evidence. Having considered the documents adduced by both parties, the court finds that there is a triable issue of fact as to whether Plaintiff was given the notices required by TILA.

II. Whether Rescission Should Be Conditioned Upon Plaintiff's Ability to Tender

Chase argues that Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003), compels the court to condition the remedy of rescission upon Plaintiff's tender of the net proceeds of the loan. That is an overreaching characterization of the Ninth Circuit's holding. Yamamoto authorizes district courts to exercise their equitable discretion to modify the Truth in Lending Act procedures to ensure that a plaintiff could effect rescission in the event that rescission is shown to be warranted. 329 F.3d at 1173. In making that decision, courts must take into account "all of the circumstances"—not only "the borrower's ability to repay the proceeds," but also "the nature of the violations." Id. Even where it is clear that the borrower lacks the capacity to pay back what she has received, Yamamoto holds only that a court "does not lack discretion to do before trial what it could do after"—that is, to condition rescission on Plaintiff's tender. Id.

In denying Chase's motion to dismiss, the court found that the allegations of the complaint,

2
CASE NO. 5:09-CV-00459-EJD
ORDER DENYING CHASE'S MOTION FOR SUMMARY JUDGMENT

taken as true, supported an exercise of that discretion "to fashion the rescission procedure in such a manner that Plaintiff need not tender the value of her property until such time that Defendants perform their obligations pursuant to 15 U.S.C. § 1635(b)." Order Denying Def. Chase's Mot. Dismiss 5–7, Mar. 3, 2010, ECF No. 66. Upon review of the evidence, there is ample support for the allegations in the complaint that led the court to decline to modify the TILA statutory rescission procedures when ruling on the motion to dismiss. Accordingly, the earlier decision will not be disturbed at this time.

### III. Order

Good cause therefor appearing, IT IS HEREBY ORDERED that JP Morgan Chase's Motion for Summary Judgment is DENIED. Plaintiff's Objections to and Motion to Strike is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 17, 2011

　　　　　　　　　　　　　　　　EDWARD J. DAVILA
　　　　　　　　　　　　　　　　United States District Judge